■ KAREN E. KUSIAK, Appellant, v EMMETT M. FOSTER, Respondent.—Amended order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Respondent sought a modification of a support order under the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) by petition dated November 19, 1984, alleging that he had been employed for six weeks from August 6, 1984 through September 16, 1984, had been unemployed for two weeks, and had resumed

employment with a different employer, receiving his first paycheck on October 5, 1984. He requested a determination that he should pay $20 per week for the six weeks he was employed during the summer and asked the court to fix an appropriate amount thereafter. The parties stipulated to a temporary order of $20 per week on January 28, 1985, after the matter had been referred to the Support Collection Unit for a financial investigation. On March 11, 1985, Family Court ordered permanent support of $25 per week effective immediately and fixed support for the six-week summer period at $20 per week, but failed to make an order for the period from October 5, 1984 until January 28, 1985, after defendant was reemployed and before the temporary order. The financial investigation included respondent's pay stubs from October 5th through the rest of 1984. The Support Collection Unit recommendations did not address any dates other than the six-week summer employment specifically requested by respondent. Petitioner on reargument sought an order covering the period from October 5th to January 28th and the court refused on the ground that this order reflected the recommendation of the Support Collection Unit. We cannot consider the portion of the record relating to the reargument motion, since the court's decision was not embodied in an order and entered (see, CPLR 5512 [a]). Respondent's modification petition stated that he was unemployed for two weeks, until September 16, 1984, when he returned to work for John Wojtowicz, and respondent requested that the court determine support based on his present employment. Because he was employed, it was an abuse of discretion to fail to include the period of employment from October 5, 1984 to January 28, 1985 without indicating the reason for such exclusion. The order is therefore modified to provide additional support, from October 5, 1984 to January 28, 1985, at the rate of $25 per week, payable in a lump sum or at the rate of $5 per week. (Appeal from amended order of Chautauqua County Family Court, Hartley, J.—modify support.) Present—Callahan, J. P., Denman, O'Donnell, Pine and Schnepp, JJ.